**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| REYNALDO SALINAS, On Behalf of Himself and All Others Similarly Situated, | ] ] ] | CAUSE NO.:_____ |
| *Plaintiffs*, | ] ] | |
| v. | ] ] | JURY TRIAL DEMANDED |
| TARI, INC. d/b/a JEAN'S RESTAURANT SUPPLY and VAHID MOSTAGHASI, | ] ] ] | |
| *Defendants*. | ] ] ] | COLLECTIVE ACTION |

**ORIGINAL COMPLAINT**

**SUMMARY**

1.      Reynaldo Salinas (Salinas) worked long hours as an inside sales associate for Tari, Inc. d/b/a Jean's Restaurant Supply (Jean's) and Vahid Mostaghasi (Mostaghasi)(Jean's and Mostaghasi collectively referred to as Defendants).  Defendants, however, do not pay their inside sales associates overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Rather, Defendants pay their inside sales associates the same flat weekly rate for all the hours they work including those hours in excess of forty (40) in a workweek.  Salinas brings this collective action seeking to recover the unpaid and/or underpaid overtime wages and other damages owed to him and to Defendants' other similarly-situated inside sales associates.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are

residents of this judicial district and division.

### THE PARTIES

4.      Salinas is a former employee of Defendants.  His consent to participate in this collective

action is attached hereto as Exhibit 1.

5.      Tari, Inc. d/b/a Jean's Restaurant Supply is a Texas corporation with its principal place of

business in Corpus Christi, Nueces County, Texas.  Jean's may be served with process by

serving its registered agent, Vahid Mostaghasi, at 426 S. Staples, Corpus Christi, Texas 78401 or

at any other place where Vahid Mostaghasi may be found.

6.      Vahid Mostaghasi is an individual who resides in and does business in Corpus Christi,

Nueces County, Texas.  Vahid Mostaghasi may be served with process at his principal place of

business at 426 S. Staples, Corpus Christi, Texas 78401 or at any other place where Vahid

Mostaghasi may be found.

### THE FACTS

7.      Jean's is in the restaurant equipment and supplies business.

8.      Jean's operates two storefronts, one in Corpus Christi, Texas and one in McAllen, Texas.

9.      In each of the past three (3) years, Jean's' gross annual revenues have exceeded

$500,000.00.

10.     Mostaghasi is Jean's' President and is also a director.

11.     Mostaghasi has the power to set and enforce, and/or has delegated to others the power to

set and enforce, employment practices and policies, including hiring and firing employees,

supervising and controlling employee work schedules or conditions of employment, determining

rates and methods of the payment of wages, maintaining employment records, as well as other

employment practices and policies that directly and indirectly affect Jean's' employees, including Salinas and Defendants' other inside sales associates.

12.     Defendants employed Salinas as an inside sales associate in the McAllen, Texas store.

13.     Defendants paid Salinas a flat weekly rate for his work that was meant to compensate Salinas for forty (40) hours of work in a week.

14.     Salinas typically spent his workweek meeting and greeting customers, qualifying potential purchases, selling restaurant equipment and supplies and providing customer service.

15.     In performing his duties as an inside sales associate, Salinas was an employee engaged in commerce and/or in the production of goods for commerce and/or one who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

16.     Salinas routinely worked in excess of forty (40) hours in a workweek for Defendants.

17.     Defendants were well aware of the fact that Salinas routinely worked in excess of forty (40) hours in a workweek.

18.     At no time, however, did Defendants pay Salinas at one-and-one-half times his regular rate for the hours he worked in excess of forty (40) in a workweek.

19.     Rather, Defendants paid Salinas the same flat weekly rate for all the hours he worked including those in excess of forty (40) in a workweek.

### COLLECTIVE ACTION ALLEGATIONS

20.     Salinas re-alleges paragraphs 1-19 as if set out here in their entirety.

21.     In addition to Salinas, Defendants have employed many other inside sales associates over the last three (3) years.

22.     These inside sales associates perform(ed) the same or similar job duties for Defendants as Salinas performed.

23.     At all times, Defendants paid these other inside sales associates in the same manner as they paid Salinas, including failing and refusing to pay these other inside sales associates at one-and-one-half times their regular rates for hours worked in excess of forty (40) hours in a workweek.

24.     Defendants' other inside sales associates should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All inside sales associates employed by Defendants at any time during the three (3) years preceding the date of the filing of this lawsuit through the time of trial.**

### CAUSE OF ACTION

25.     Salinas re-alleges paragraphs 1-24 as if set out here in their entirety.

26.     Defendants employed Salinas and all of their inside sales associates within the meaning of the FLSA.

27.     Defendants are employers within the meaning of the FLSA.

28.     Salinas and all of Defendants' inside sales associates are or were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

29.     Defendants are an enterprise engaged in commerce within the meaning of the FLSA.

30.     By failing to pay Salinas and all their inside sales associates overtime compensation at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

31.     Defendants owe Salinas and all their inside sales associates the difference between the rates actually paid and the proper overtime rates.

32.     Because Defendants knew their pay practices violated the FLSA, or showed reckless for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three (3) years.

33.     Defendants are liable to Salinas and all their inside sales associates for an amount equal to all unpaid and/or underpaid overtime wages.

34.     Defendants are, further, liable to Salinas and all their inside sales associates for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

35.     Salinas and all of Defendants' inside sales associates are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

36.     Salinas demands a trial by jury.

### PRAYER

Salinas asks that Defendants be cited to appear and answer, and that the Court:

1.     Enter an order allowing this action to proceed as a collective action under the FLSA;

2.     Upon final hearing, award Salinas and all of Defendants' inside sales associates judgment against Defendants for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.     Upon final hearing, award Salinas and all of Defendants' inside sales associates judgment against Defendants for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.     Award Salinas and all of Defendants' inside sales associates all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**/S/ Michael K. Burke**

By:_____

       Michael K. Burke
       mburke@mmguerra.com
       Texas State Bar No.: 24012359
       S.D. of Tex. No.: 24356
       *Attorney-In-Charge for Plaintiff*
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

**Of Counsel:**

Michael M. Guerra
mike@mmguerra.com
Texas State Bar No.: 00787603
S.D. of Tex. No.: 18850
**THE LAW OFFICES OF MICHAEL M. GUERRA**
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

**Of Counsel:**

Michael D. Lore
mlore@lorefirm.com
**THE LORE LAW FIRM**
Texas State Bar No.: 00787924
S.D. of Tex. No.: 17816
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 782-5291 – Telephone
(713) 758-0345 – Facsimile